UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TODD J. KOHL,

 Plaintiff,

and                      Case No. 16-CV-1021

GOLDEN RULE INSURANCE COMPANY,

 Involuntary Plaintiff,

v.

WERNER CO., NEW WERNER CO.,
NEW WERNER HOLDING CO. (DE), INC.,
BB INSURANCE COMPANY,

 Defendants.

## DECISION AND ORDER ON DEFENDANTS'
## MOTION FOR PROTECTIVE ORDER

  On March 8, 2018, the defendants' counsel and the defendants' consulting expert were performing an independent inspection of the scene of the subject incident, which is located on private property. (Docket # 39 at 1.) Defense counsel was given permission from the property owner to conduct the inspection. (*Id.*) During the course of the inspection, defense counsel learned that an investigator for the plaintiff was videotaping and surveilling defense counsel and the defense expert while they were performing the inspection. (*Id.* at 2.) The defendants argue the plaintiff improperly infringed on the defense counsel's work product and seeks an order requiring the plaintiff to produce the videotape. (Docket # 39; Docket # 51.) The defendants previously asked that they be granted leave to return to

conduct the inspection without interference from the plaintiff and for the plaintiff to bear the costs of the inspection, but have since withdrawn those requests. (Docket # 39 at 3; Docket # 51.)

The plaintiff opposes the motion, arguing that no part of the incident location is private and that the inspection could be viewed by any individual walking on the sidewalk, neighbors, individuals in parked cars, anyone driving on the street, or even the plaintiff himself, who lives three houses away. (Docket # 44 at 2.) The plaintiff further argues that there is nothing improper about opposing counsel supervising an inspection and those surveillance videos and photographs are protected by the work product privilege. (*Id.* at 3-4.)

At oral argument on this motion, the parties disagreed about whether Wisconsin law or federal law applied to the work product privilege analysis. While courts sitting in diversity consider state law in analyzing issues of attorney-client privilege, the work product doctrine is considered under federal law, specifically Fed. R. Civ. P. 26. S*laven v. Great American Insurance Co.*, 83 F. Supp. 3d 789, 795 (N.D. Ill. 2015). Even considering Wisconsin law, the plaintiff attempts to liken its surveillance of defense counsel to situations where a plaintiff is surveilled as he goes about his daily life. (Docket # 44 at 3-4.) This often occurs in situations where the plaintiff allegedly suffered disabling injuries and the defense seeks to use surveillance to prove that the plaintiff's physical limitations are not as great as those alleged in the lawsuit. *See Ranft v. Lyons*, 163 Wis. 2d 282, 471 N.W.2d 254 (Ct. App. 1991).

That is a far cry from what happened here. It was the defense counsel and his expert that were surveilled, not the client. The plaintiff now argues that his surveillance of defense counsel's work product (which plaintiff's counsel neither admits nor denies) has itself

become protected work product; thus, he need not produce the videotape. I disagree. While it would have been appropriate for plaintiff's counsel and his agent to be present when defense counsel inspected the premises, this was something wholly different. Plaintiff's investigator surreptitiously surveilled and videotaped defense counsel. Plaintiff has presented no authority or persuasive argument which supports such conduct. Accordingly, plaintiff must produce a copy of the videotape to the defendants. Whether this videotape will be admissible at trial as the defendants request, however, is a question for another day.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motion for a protective order (Docket # 39) is **GRANTED**. The plaintiff is ordered to produce a copy of the videotape within **seven (7) days** of this order.

Dated at Milwaukee, Wisconsin this 19th day of April, 2018.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge